

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

July 5, 2023

Robert Jun
Tel: (718) 500-3340
Fax: (718) 504-6987
Email: robert@seolawgroup.com

**VIA ECF**
The Honorable Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

  Re: ***Asencio v. Iris Spa in North Castle Corp., et al.***
     **Civil Action No. 7:21-cv-06608**

Dear Judge McCarthy:

  This office represents all the Defendants in the above-referenced matter. We write in opposition to Plaintiff's counsel's letter dated June 30, 2023, requesting this court for an order directing Defendants to pay for interpreter fees.

  As a preliminary matter, it must be noted that this Court's individual part rule 1(A) states that "Copies of correspondence between counsel shall not be sent to the Court." Plaintiff's counsel's exhibits to the June 30, 2023 letter are in violation of this rule. Nevertheless, it must be noted that Plaintiff's counsel's attached correspondences are incomplete and misleading. The undersigned failed to confirm the deposition in light of outstanding discovery disputes, which were only resolved on June 27, 2023, the day before the status conference. On the morning of the status conference, at 9:27 AM, June 28, 2023, Plaintiff's counsel's office emailed the undersigned, providing a link for the first time that can be used to access the remote deposition. The undersigned emailed Plaintiff's counsel's office at 10:44 AM, June 28, 2023, advising that this office would confirm the individual defendant's availability, given that the deposition was never confirmed. The undersigned reiterated this need to confirm the individual's availability again at 10:49 AM that same day. The undersigned can produce the complete email correspondences if this Court so wishes.

  This office clearly let Plaintiff's counsel know that the individual defendant's availability would have to be confirmed at 10:44 AM. Moreover, not once did Plaintiff's counsel let this office know that the interpreter had a 24 hour cancellation policy. Interestingly, while Plaintiff's counsel

has included the correspondence between the attorneys of the parties in violation of this part's rules, Plaintiff's counsel never provided an email exhibit or an affirmation showing that they expeditiously attempted to cancel the interpretation services. In fact, Plaintiff's counsel first emailed the undersigned regarding this on June 30, 11:19 AM. It is very possible that Plaintiff's counsel tried to cancel the interpretation services after the noticed deposition date and time of June 29, 10:00 AM.

Moreover, the undersigned and Plaintiff's counsel have exchanged several lengthy emails regarding this issue, so Plaintiff's counsel cannot argue that they were not aware of the circumstances herein. In light of all these circumstances, the undersigned requests that this Court deny Plaintiff's counsel's request for a pre-motion conference, and order that the Defendants be awarded attorneys' fees for all the time expended in responding to this unnecessary request for a pre-motion conference.

Respectfully Submitted,

Seo Law Group, PLLC

By: __/s/ *Robert Jun*__
Robert Jun
*Attorneys for Defendants*

cc: All counsel of record (via ECF)   Attach.