USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/27/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REINA ASENCIO,

Plaintiff,

V.

IRIS SPA IN NORTH CASTLE CORP., IRIS SPA IN ARMONK CORP., and MINKWAN CHOE,

Defendants.

7:21-CV-06608 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Reina Asencio (the "Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Iris Spa in North Castle Corp., Iris Spa in Armonk Corp., and Minkwan Choe (collectively, the "Defendants"). Plaintiff claims, *inter alia*, that Defendants failed to (1) pay minimum wages, (2) pay overtime wages, (3) provide a wage notice, and (4) provide proper wage statements.

Presently before the Court is Plaintiff's motion for summary judgment (the "Motion") (ECF No. 72.) For the following reasons, the Court GRANTS Plaintiff's motion for summary judgment.

**PROCEDURAL BACKGROUND**

Plaintiff filed this action on August 5, 2021 alleging violations of the FLSA and NYLL due to failure to pay minimum and overtime wages as well as failure to provide a wage notice and proper wage statements. (ECF No. 1). On March 1, 2024, Plaintiff filed a motion for summary judgment along with a memorandum of law in support ("Pltf.'s MoL.") (ECF No. 72.), an accompanying statement of facts pursuant to Federal Rule of Civil Procedure 56.1 ("Pltf.'s 56.1"), and corresponding exhibits ("Pltf.'s Ex."). On March 1, 2024, Defendants filed a

memorandum of law in opposition to Plaintiff's motion ("Defs.' MoL.") (ECF No. 73.), an accompanying statement of facts pursuant to Fed. R. Civ. Pro. 56.1. ("Defs.' 56.1"), and corresponding exhibits ("Defs.' Ex."). On March 1, 2024, Plaintiff also filed her reply memorandum of law ("Reply"). (ECF No. 74.)

**BACKGROUND**

Defendant Minkwan Choe is the owner of Iris Spa in North Castle and Iris Spa in Armonk, both of which are spas and nail salons. (Pltf.'s 56.1 ¶¶ 1, 4.) Plaintiff worked in Defendants North Castle location from 2008 until 2020.[1] (*Id*. at 10.) Plaintiff would arrive early and help prepare the spa for incoming customers and would help clean up after the business day. (*Id*. at 11.) Plaintiff would also assist customers as they came in by providing massages, removing nail art, and removing nail polish. (*Id*. at 12.) Plaintiff claims that she worked five to six days per week during her tenure at Iris spa. (*Id*. at 13.) Plaintiff further claims that she would arrive and begin work at 9:20 a.m. and would end work and leave at 7:00 p.m. (*Id*. at 14-15.) Plaintiff alleges that she was rarely given a break, and when she was, they were typically less than 30 minutes. (*Id*. at 16.) For her work, Plaintiff states that she was paid $60 per day in 2015 and 2016, $65 per day in 2017, $70 per day in 2018, and $80 day per day in 2019 and 2020. (*Id*. at 19-22.) Plaintiff also claims that she never received a wage notice or accurate wage statements. (*Id*. at 23-25.)

Defendant Minkwan Choe claims that he had limited involvement with Iris Spa North Castle's operations and characterized his presence as on a "come and go" basis. (Defs.' 56.1 ¶ 15.) Defendant Choe also claims that he was not Plaintiff's direct manager and that she was primarily supervised by other managers who would also set employee schedules. (*Id*. at 19, 23.) Choe stated that he would be physically present at Iris Spa North Castle approximately three times a week for

[1] Plaintiff claims to have also worked in Iris Spa in Armonk, but Defendant Minkwan Choe disputes Plaintiff's claim.

the limited purpose of delivering supplies and employee checks. (*Id*. at 15-16.) Choe estimated that he would spend "about ten minutes" in the spa during each visit. (*Id*.) Choe also asserts that his interactions with Plaintiff were limited to simple greetings. (*Id*. at 26.) Choe further represents that Plaintiff's working hours were decided between Plaintiff and her managers. (*Id*. at 40.) And that Plaintiff was to self-report her hours by writing them "in the time records" and wage statements which would be confirmed by the manager. (*Id*. at 41, 44.) Choe also states that employees were required to record their breaks on the wage statements. (*Id*. at 47.) Choe maintains that it would be "impossible" for Plaintiff to have ever worked more than 40 hours and that she frequently took breaks or had nothing to do. (*Id*. at 42-43.) Further, Choe maintains that Plaintiff was provided compensation at the statutory minimum as well as "commission." (*Id*. at 48, 51.)

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). To prove that a genuine issue of material fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

## DISCUSSION

**Minimum and Overtime Wage Claims**

Plaintiff claims that Defendants violated the FLSA and NYLL for failure to provide minimum and overtime wages. An employee who brings an action under the FLSA or the NYLL for unpaid wages must prove that he or she performed work that was not compensated properly. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003) (citation omitted). If inaccurate or incomplete records are kept by the employee, then the employee can satisfy their burden of proof by submitting sufficient evidence from which violations can be reasonably inferred. *See Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997). In the Second Circuit, it is well-settled that an employee may meet this burden through their own recollections. *See Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 363 (2d Cir. 2011). "If an employee makes this showing, the burden then shifts to the employer to come forward [1] with evidence of the precise amount of work performed or [2] with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240, 252 (S.D.N.Y. 2021) (internal citations and quotations omitted).

Under the NYLL, however, the employer's standard of proof is more stringent, and evidence of proper compensation must be proved by a preponderance. (*Id*. at 253.)

Here, Plaintiff has provided evidence that Defendants maintained inaccurate and incomplete records. First, Plaintiff provided the Court with copies of text messages where she coordinated transportation to and from work at Iris Spa. These text messages indicate that there were days that Plaintiff worked that were not recorded on her time sheets. *Compare* Pltf.'s Ex. 1 at 26 (indicating that Plaintiff did not work on Friday, August 2, 2019) *with* Pltf.'s Ex. 3 at 3 (indicating that Plaintiff arranged transportation for work on Friday, August 2, 2019). Second, Defendants' payroll records reflect different wage rates than Defendants' wage statements. *Compare* Pltf.'s Ex. 1 at 2 (reflecting Plaintiff's wage as $14.31 per hour) *with* Pltf.'s Ex. 1 at 4 (reflecting Plaintiff's wage as $12.00 per hour). As a result, the Court finds that Defendants records were inaccurate and incomplete.

Upon a finding of inaccurate or incomplete records, Plaintiff may satisfy her burden of proof by raising a reasonable inference of failure to pay minimum and overtime wages met by her own recollections. During her deposition, Plaintiff testified under oath that she worked five to six days a week for approximately nine and a half hours a day without receiving proper minimum or overtime wages. (Pltf.'s 56.1 ¶¶ 13-14.) Plaintiff also provided some proof of this schedule in the form of text messages where she coordinated transportation to Iris Spa with a consistent pickup time of around 8:00 a.m. *See generally* Pltf.'s Ex. 3. Accordingly, Plaintiff has satisfied her burden of raising a reasonable inference of Defendants' failures to provide proper compensation.

As mentioned *supra*, under the FLSA and NYLL, the burden now shifts to Defendant to rebut Plaintiff's contentions through evidence of (1) the precise amount of work performed or (2)

evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. *See Chichinadze*, 517 F. Supp. at 252. Defendants have failed to do so. The only evidence provided to the Court that would rebut Plaintiff's contentions were (1) the wage statements or (2) Choe's testimony related to Plaintiff's hours. But as noted, the wage statements are inaccurate and, therefore, cannot provide a basis for the Defendant to rebut Plaintiff's contentions. Moreover, Choe's testimony did not provide evidence of the *precise* amount of work performed but that she generally worked "two to three days a week" because it was "written in the wage statement." (Defs.' Ex. 2 at 34-35.) And that there was no way for him to check because employees "individually write down their work time and sign." (*Id*. at 39.) Choe could only state that he was certain that Plaintiff never worked more than 40 hours per week because it was "impossible." (*Id*. at 40.) This testimony is too general and unsupported to provide evidence of the precise amount of work that Plaintiff performed. Choe provides no details or foundation for his basis to make these claims, which would be too speculative and imprecise anyway. Further, Choe's testimony on this matter was largely inconsistent and cannot negative the reasonableness of Plaintiff's claims. For example, Choe continued on that he was certain that Plaintiff took "many break times." (*Id*.) Even though this testimony was seemingly at odds with his previous testimony, and Defendants' 56.1 statement, that Choe did not supervise employees and that his visits to Iris Spa were generally limited to short 10-minute durations, and that his interactions with Plaintiff specifically were limited to simple greetings. This testimony was also undermined by Choe when he was asked what the basis for his assertion that Plaintiff took many breaks was. Choe responded, "how can I have the record because I don't know about it." (*Id*. at 41.) Moreover, the fact that Plaintiff self-reported her hours can also not offer Defendants cover from Plaintiff's claims. The Second Circuit has been clear that the "duty to

maintain accurate records of its employees' hours is non-delegable … the fact that an employee is required to submit his own timesheets does not preclude" them from seeking relief. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363-65 (2d Cir. 2011). Accordingly, Defendants have failed to rebut Plaintiff's reasonable inference of violations of both the FLSA and NYLL and Plaintiff's motion for summary judgment on her FLSA and NYLL claims are granted.

**Wage Notice Claim**

NYLL 195(1)(a) requires that employers provide their employees with a notice containing, *inter alia*, their rate or rates of pay, allowances, wage supplements, regular pay day, and the name, address, and telephone number of the employee both in writing in English, and in the employee's primary language. "If any employee is not provided within 10 business days of his or her first day of employment a notice as required [§ 195(1)(a)], he or she may recover in a civil action damages of 50 dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of 5,000 dollars, together with costs and reasonable attorney's fees." NYLL 198(1-b).

Here, Plaintiff alleges that she was never provided with a wage notice. (Pltf.'s 56.1 ¶ 23.) Defendant does not meaningfully respond to Plaintiff's allegation, and the claim is seemingly undisputed. Defendants argue:

> "During Reina Asencio's employment at Iris Spa, she was paid on a weekly basis on every Saturday. (Exhibit B: Depo Trans. of Reina Asencio 60:17-18). Reina was paid based on an hourly. basis. She was required to record how many hours she worked and was paid at the [New York State] minimum wage rate(s) determined by the [each year's minimum wage] law. (Exhibit A: Depo Trans. of Minkwan Choe 96: 4-21). Plaintiff

received a "raise" each year and she was aware of her rate(s) of pay. (Exhibit B: Depo Trans. of Reina Asencio 62:15-17;72:4-6; 73:2-3)."

(Defs.' MoL. at 14-15.) This argument that Plaintiff was paid on a weekly basis for work at an hourly rate and that she received a raise is in no way responsive to Plaintiff's claim that she never received a wage notice from Defendants during her tenure as an employee at Iris Spa as required by law. Accordingly, Plaintiff's motion for summary judgment on her § 195(1)(a) is granted.

**Wage Statement Claim**

NYLL § 195(3) requires that employers provide their employees with, *inter alia*, a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances." To qualify as a wage statement, a document "must … contain all data identified by NYLL § 195(3)." *Ametepe v. Peak Time Parking, Corp*., No. 18CIV5384PAESDA, 2021 WL 1172669, at *7 (S.D.N.Y. Mar. 29, 2021). Even one missing element can disqualify a document as a wage statement. *Id*. at 6. For example, courts have found that omissions as small as the restaurant's name and address can disqualify a document. *See Junmin Shen v. No. One Fresco Tortillas, Inc*., No. 16 Civ. 2015 (RWL), 2018 WL 6712771, at *9 (S.D.N.Y. Nov. 26, 2018).

Here, Defendants did not provide proper wage statements. Defendants' wage statements lack the employer's address, phone number, deductions, and allowances. Further, and as noted *supra*, these wage statements contain inaccurate hours and rates of pay. Defendants concede as

much in their papers. Defendants write, "[we] provided a wage statement that complies substantially with the general requirements of the wage statement notice law, in good faith." (Defs.' MoL. at 13.) There is no good faith exception baked into § 195(3)'s text or the relevant caselaw. Just the opposite. Defendants were required to comply with all of § 195(3)'s requirements. They did not. Accordingly, plaintiff's motion for summary judgment on her § 195(3) claim is granted.

**Damages and Attorneys' Fees**

"The FLSA and the NYLL provide for liquidated damages in an amount equal to compensatory damages." *Herrera Lopez v. Metrowireless 167 Inc.*, No. 18-CV-10754 (JPO), 2020 WL 289785 (S.D.N.Y. Jan. 21, 2020) (citing 29 U.S.C. § 216(b); NYLL § 663(1); *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60–61 (2d Cir. 2016)). Employees are entitled to liquidated damages unless employers establish a good faith defense. No such defense has been made to the Court. *See* 29 U.S.C. § 260; NYLL § 663(1). Accordingly, Plaintiff is entitled to $133,151.80 in liquidated damages related to unpaid minimum and overtime wages.

For violations of NYLL §§ 195(1)(a),(3), Plaintiff is entitled to $50 for each work day that the violations occurred but not to exceed $5,000. Accordingly, Plaintiff is entitled to $5,000 of damages for violation of § 195(1)(a) and $5,000 of damages for violation of § 195(3).

Under New York law, the prejudgment interest rate is 9 percent per year. *See* N.Y. C.P.L.R. §§ 5001, 5004. "[W]here damages are 'incurred at various times,' as is the case with unpaid wages over the course of several years, 'interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 Civ. 3061, 2014 WL 2624759, at *5 (quoting N.Y. C.P.L.R. § 5001(b)). "[C]ourts often choose the midpoint of the plaintiff's

employment within the limitations period." *Pineda v. Tokana Cafe Bar Restorant Inc.*, No. 16 Civ. 1155, 2017 WL 1194242, at *4 (S.D.N.Y. Mar. 30, 2017). Here, Plaintiff's midpoint is November 26, 2017. Calculating at a rate of $16.42 of Plaintiff's daily interest amount from November 26, 2017 to the date of this judgment, Plaintiff has accrued $43,513.00 in interest. Accordingly, Plaintiff is also entitled to $43,513.00 of prejudgment interest.

Both the FLSA and the NYLL allow a prevailing plaintiff to recover reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b); NYLL § 198(1). District courts have broad discretion when setting a fee award. *See Tackie v. Keff Enters. LLC*, 2014 WL 4626229, No. 14 Civ. 2074, at *6 (S.D.N.Y. Sept. 16, 2014). The plaintiff has the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010). Here, Plaintiff's counsel has not provided the Court with time records and expenses. Accordingly, the Court is unable to calculate reasonable attorneys' fees and costs. Plaintiff's counsel is hereby directed to file a motion for fees and costs and submit proper documentation by March 7, 2025.

**CONCLUSION**

Plaintiff's motion for summary judgment on her claims for failure to (1) pay overtime wages, (2) pay minimum wages, (3) provide a wage notice, and (4) provide proper wage statements are GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 72 and to terminate the action. The Clerk of Court is further directed to enter judgment in favor of Plaintiff and against Defendants, which shall include: (1) damages for unpaid overtime wages, statutory damages, and liquidated damages under the FLSA and the NYLL in the amount of $143,151.80; and (2) prejudgment interest on $43,513.00 from November 26, 2017, to the date of judgment at a rate of 9 percent per year. Attorneys' fees and costs to be awarded upon Plaintiff's counsel's filing of the appropriate documentation.

SO ORDERED.

Dated: February 27, 2025
White Plains, New York

NELSON S. ROMÁN
United States District Judge