USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/31/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REINA ASENCIO,

                          Plaintiff,

          -against-

IRIS SPA IN NORTH CASTLE CORP.,
IRIS SPA IN ARMONK CORP., and
MINKWAN CHOE,

                         Defendants.

21-CV-06608 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Reina Asencio ("Plaintiff"), as the prevailing party in the action against Iris Spa in North Castle Corp., Iris Spa in Armonk Corp., and Minkwan Choe (collectively, "Defendants"), submits this motion for an award of statutory attorney's fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and Federal Rule of Civil Procedure 54(d)(2). For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff was employed by Defendants as a masseuse and cleaner from 2008 until on or around March 20, 2020. (Grunfeld Decl. I ¶ 38.)[1] Plaintiff retained Katz Melinger PLLC to represent her in pursuing claims for unpaid wages. (*Id.* ¶ 40). Plaintiff commenced this action by filing a Summons and Complaint on August 5, 2021 asserting several claims against Defendants:

---

[1] Plaintiff's Counsel, Nicole Grunfeld, submitted two Declarations in her briefings in support of her motion for attorney's fees. "Grunfeld Declaration I" refers to her Declaration dated March 21, 2025 (ECF No. 83) and "Grunfeld Declaration II" refers to her Declaration dated April 14, 2025 (ECF No. 97).

1

(1) failure to pay overtime wages under the FLSA; (2) failure to pay overtime wages under the NYLL; (3) failure to pay minimum wages under the NYLL; (4) failure to timely pay wages under the NYLL; (5) failure to provide payroll notices under the NYLL; and (6) failure to provide wage statements under the NYLL. (*Id.* ¶ 41). Plaintiff sought damages in the base amount of $53,836.80 for unpaid minimum wages and $24,075.40 for unpaid overtime wages, as well as liquidated damages thereon; and $10,000.00 for wage and payroll notice violations. (*Id.* ¶ 42). Defendants filed an Answer to the Complaint on September 16, 2021. (*Id.* ¶ 43).

At the conclusion of discovery, Plaintiff moved for summary judgment. (ECF No. 72). On February 27, 2025, this Court found in favor of Plaintiff as to all claims and directed Plaintiff's counsel to move for attorney's fees and costs. (ECF No. 78.) The Clerk of Court thereafter entered judgment in favor of Plaintiff and against Defendants in the amount of $171,595.00. (ECF No. 79.)

On March 21, 2025, Plaintiff filed its motion and accompanying memorandum of law for an award of attorney's fees and costs.[2] Specifically, Plaintiff seeks an award of attorney's fees in the amount of $132,075 and costs in the amount of $9,306.09. The following chart sets forth the lawyers, the time they devoted to the case, and their hourly rates, according to the submitted time entries:[3]

---

[2] The motion was fully briefed by the parties as of April 14, 2025. Plaintiff filed its Memorandum of Law in Support ("Pl. Mem.," ECF No. 84) and Reply ("Pl. Reply," ECF No. 98). Defendants filed their Opposition ("Def. Opp.," ECF No. 91).

[3] Plaintiff's Counsel, Nicole Grunfeld, submitted, as an exhibit to her second Declaration, a revised version of Plaintiff's attorneys' time entries that reflects time entries that were reduced in part or in full due to possible duplicative work and to reflect the time spent on work performed on the reply papers for the instant motion. (Grunfeld Decl. II, Ex. 1.) Accordingly, the Court makes reference to this version of the time entries.

| Attorney | Hours Spent | Hourly Rate | Total Amount |
|---|---|---|---|
| Kenneth Katz | 31.30 | $575 | $17,997.50 |
| Nicole Grunfeld | 85.80 | $525 | $45,045.00 |
| Adam Sackowitz | 2.00 | $435 | $870.00 |
| Katherine Morales | 81.00 | $375 | $30,375.00 |
| Jarrett Bodo | 27.20 | $350 | $9,520.00 |
| Jonathan Trinidad-Lira | 78.30 | $325 | $25,447.50 |
| Eliseo Cabrera | 2.40 | $325 | $780.00 |
| Nicola Ciliotta | 6.80 | $300 | $2,040 |
| **Total** | **314.80** | | **$132,075.00** |

(Grunfeld Decl. II, Ex. 1.)

## LEGAL STANDARD

Plaintiff seeks recovery of $132,075 in legal fees for the work of eight lawyers and costs in the amount of $9,306.09.

### A. Fees

The FLSA and NYLL provide for an award of reasonable attorney's fees and costs to a prevailing plaintiff in a wage-and-hour action such as this one. *See* 29 U.S.C. § 216(b); NYLL § 198(1-a); *Callari v. Blackman Plumbing Supply, Inc.*, 2020 WL 2771008, at *6 (E.D.N.Y. May 4, 2020) ("Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions"), *R. & R. adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020).

3

The traditional method for determining a fee award is the "lodestar" calculation, which is the number of hours expended multiplied by a reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007); *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). The Second Circuit has held that "the lodestar…creates a 'presumptively reasonable fee.'" *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008), and citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)); *see also Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (reaffirming *Millea*). To support a lodestar calculation, "[t]he party seeking an award of [attorney's] fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff has done so here by submitting contemporaneous billing records reflecting the time expended by specific attorneys. (Grunfeld Decl. II, Ex. 1.)

### 1. Hourly Rates

Courts assess the reasonableness of a proposed hourly rate by considering the prevailing market rate for lawyers in the district in which the ruling court sits. *Polk v. New York State Department of Correctional Services*, 722 F.2d 23, 25 (2d Cir. 1983). "The rates used by the court should be current rather than historic hourly rates." *Reiter v. Metropolitan Transportation Authority of New York*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks and citation omitted). "[C]ourts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if no such evidence is submitted." *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *2 (S.D.N.Y. Sept. 1, 2010) (internal quotation marks and citations omitted). Additionally, "the range of rates that plaintiff's counsel actually charge their clients…is obviously strong evidence of what the market will bear." *Rozell*

*v. Ross-Holst*, 576 F. Supp.2d 527, 544 (S.D.N.Y. 2008); *see also Lilly v. County of Orange*, 910 F. Supp. 945, 949 (S.D.N.Y. 1996) ("The actual rate that counsel can command in the marketplace is evidence of the prevailing market rate").

Several factors are relevant to determining whether attorney rates are reasonable. Among these are the so-called *Johnson* factors recognized by the Second Circuit in *Arbor Hill*: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Arbor Hill*, 522 F.3d 182, 186 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

It has been said that "[c]ourts in this District have determined that a fee ranging from $250 to $450 [per hour] is appropriate for experienced litigators in wage-and-hour cases." *Ke v. J R Sushi 2 Inc.*, No. 19-CV-7332, 2024 WL 1891195, at *3 (S.D.N.Y. Apr. 30, 2024) (alteration in original) (internal quotation marks and citation omitted) (collecting cases). However, as recent decisions have recognized, that range is rooted in older cases and does not reflect current market conditions. *Alvarez v. Fine Craftsman Group*, LLC, No. 20-CV-10452, 2024 WL 3730569, at *4 (S.D.N.Y. July 22, 2024) (explaining that the $250-$450 range was outdated, having been recognized ten years ago); *see also De La Cruz v. Trejo Liquors, Inc.*, No. 16-CV-4382, 2019 WL 9573763, at *18 (S.D.N.Y. Sept. 10, 2019) ("for partners or heads of small law firms practicing in this area, the Court has usually approved hourly rates in the $300 to $450 range"), *R. & R. adopted*,

2020 WL 4432298 (S.D.N.Y. July 30, 2020). Accordingly, in an effort to make sure that awarded rates reflect the "current" legal market, *Reiter*, 457 F.3d at 232, some courts have awarded higher fees to wage and employment lawyers where warranted. *See, e.g., Alvarez*, 2024 WL 3730569, at *4 (awarding partner rates of $600 and $450 per hour); *Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518, 2023 WL 2919559, at *14 (S.D.N.Y. Apr. 12, 2023) (awarding $500 hourly rate to highly experienced wage-and-hour partner), *R. & R. adopted*, 2023 WL 11938820 (S.D.N.Y. Apr. 28, 2023).

Plaintiffs are represented in this action by the firm Katz Melinger PPLC, a boutique law firm located in Manhattan. The eight attorneys who worked on the case all have focused their legal practice on employment matters. Founder and managing partner Kenneth Katz has over twenty years of experience. His hourly rate is $575.00. His billed time was solely for work on the motion for summary judgment. Nicole Grunfeld, a partner, has more than fifteen years of experience and sits on the Board of the New York chapter of the National Employment Lawyers' Association. Her hourly rate is $525.00. Based on the billing entries, Ms. Grunfeld provided oversight and was significantly involved throughout the entire arc of the case. Associate Adam Sackowitz, a graduate of University of California at Los Angeles, was admitted to the bar in 2015. Mr. Sackowitz was the senior most associate on the team and his only two entries were for two hours of work on the summary judgment motion. His hourly rate was $435. Associate Katherine Morales, a graduate of Georgetown University Law Center, was admitted to the bar in 2018. Ms. Morales's engagement with this action began early on during the discovery phase and extended through its conclusion. Among the associates, Ms. Morales billed the greatest number of hours on this matter. Ms. Morales's hourly rate is $375.00. Associate Jarrett Bodo, a graduate of Hofstra University School of Law, was admitted to the bar in 2021. His billed time was solely for work on the present motion.

Mr. Bodo's hourly rate is $350. Associate Jonathan Trinidad-Lira is a 2022 graduate of Seton Hall University School of Law. He was actively involved in the matter since late 2022. Mr. Trinidad-Lira's hourly rate was $325. Associate Eliseo Cabrera is a 2015 graduate of the City University of New York School of Law. Mr. Cabrera had minimal involvement in this action, having billed fewer than three hours, primarily for document review. Cabrera's hourly rate was $325. Nicola Ciliotta is a 2018 graduate of Penn State Law. His billed time was solely for work on the complaint and conferring with Plaintiff's counsel regarding settlement position. Mr. Ciliotta's hourly rate was $300.

The rates of several of the attorneys whose fees are at issue here have been reviewed for reasonableness by several courts in this district. Some courts have found the rates charged by the Katz firm for their partners to be excessive and reduced them accordingly. *See Brathwaite v. Martini Collections Inc.*, No. 22 CIV.4929 (DEH) (GWG), 2025 WL 99108, at *11 (S.D.N.Y. Jan. 14, 2025), *R. & R. adopted*, 2025 WL 448040 (S.D.N.Y. Feb. 10, 2025) (recommending award of $450 hourly rate for Katz and Grunfeld); *Rosas v. M and M LA Solucion Flat Fixed Inc.*, No. 23-CV-121, 2024 WL 4131905, at *18-19 (E.D.N.Y. Sept. 10, 2024) (recommending award of $450 hourly rate for Katz and $400 for Grunfeld); *Lucero v. Shaker Contractors, Corp.*, No. 21-CV8675, 2023 WL 4936225, at *2 (S.D.N.Y. July 27, 2023) (awarding $450 for Katz). The *Rosas* court also was asked to award fees for the same associates who worked on the instant case and found their rates excessive as well. *See* 2024 WL 4131905, at *19 (awarding $300 for Morales and $200 for Trinidad-Lira); *see also Brathwaite*, 2025 WL 99108, at *12 (awarding $300 for senior associate and $225 for junior associate); *but see Lucero*, 2023 WL 4936225, at *2 (awarding $375 for a senior associate and $325 for two junior associates).

7

The instant case is a relatively garden-variety wage-and-hour case. However, this litigation spanned over five years and the court filings were generally of good quality. Plaintiff also achieved positive results—she recovered the entirety of her damages for unpaid minimum and overtime wages and the liquidated damages thereon, as well as damages for her wage notice and statement claims. (Grunfeld Decl. I ¶ 56.) While Defendant alleges that the matter was overstaffed with eight attorneys, the billing record shows that the eight attorneys did not work simultaneously. The vast majority of the time records reflect that at any given time, the matter was staffed by one partner and one or two associates: Ms. Grunfeld and Mr. Ciliotta from November 17, 2020 to May 4, 2022; Ms. Grunfeld and Mr. Cabrera from May 5, 2022 to October 26, 2022; Ms. Grunfeld and Ms. Morales from October 27, 2022 to December 15, 2022; Ms. Grunfeld, Ms. Morales, and Mr. Trinidad-Lira from December 16, 2022 to October 26, 2023; Ms. Grunfeld and Mr. Trinidad-Lira from October 27, 2023 to March 2, 2025; and Ms. Grunfeld and Mr. Bodo from March 3, 2025 to present. From October 27, 2023 to February 20, 2024, Mr. Katz and Mr. Sackowitz also contributed to Plaintiff's moving and reply papers for summary judgment, and in March 2025, Mr. Katz contributed to Plaintiff's motion for fees. Moreover, it is clear from the billing record that the overwhelming majority of the work—244 of the 314 total hours—was performed solely by three attorneys: Ms. Grunfeld, Ms. Morales, and Mr. Jonathan Trinidad-Lira. When considering what a reasonable, paying client would be willing to pay for experienced lawyers to litigate their wage-and-hour case, and taking all relevant factors into account, the Court finds that the rates awarded should be as follows:

| Attorney | Requested Rate | Awarded Rate |
|---|---:|---:|
| Kenneth Katz | $575 | $500 |
| Nicole Grunfeld | $525 | $500 |

8

| | | |
|---|---:|---:|
| Adam Sackowitz | $435 | $400 |
| Katherine Morales | $375 | $375 |
| Jarrett Bodo | $350 | $300 |
| Jonathan Trinidad-Lira | $325 | $300 |
| Eliseo Cabrera | $325 | $300 |
| Nicola Ciliotta | $300 | $250 |

While Mr. Katz is more senior than Ms. Grunfeld, the Court finds that Ms. Grunfeld's more than fifteen years of employment law experience, combined with her role as supervising attorney throughout this matter and the fact that she billed the greatest number of hours, renders a billing rate equal to Mr. Katz's reasonable in this action. Further, while the Court recognizes that Mr. Bodo is two years more senior than Mr. Trinidad-Lira, his work on this matter was limited to the instant motion. As such, he did not contribute to the success of Plaintiff's claims on the merits, and the Court finds that a rate commensurate with Mr. Trinidad-Lira's is appropriate.

### 2. Hours Worked

To determine compensable hours, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Tlacoapa v. Carregal*, 386 F. Supp.2d 362, 371 (S.D.N.Y. 2005) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). "In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gierlinger*, 160 F.3d at 876 (internal quotation marks omitted) (quoting *DiFilippo v. Morizio*, 759 F.2d 231, 235-36 (2d Cir.1985)). "The relevant issue…is not whether hindsight vindicates an attorney's time

expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *see also Mugavero v. Arms Acres, Inc.*, No. 03-CV-5724, 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (same). A court thus should exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) ("If the district court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation").

The billing records reflect a total of 314.80 hours billed for this case. (Grunfeld Decl. II, Ex. 1.) The Court finds that this is an appropriate number of total hours billed for a case that spanned approximately five years, discovery, and a motion for summary judgment. Nevertheless, there are several entries, particularly by Ms. Grunfeld, that are vague and uninformative. For example, there are numerous entries that read "confer with [initials]" or "confer with [initials] re status" without describing the subject of the communication or clarifying what "status" is being referenced. A court may reduce fees for entries that "are too vague to sufficiently document the hours claimed." *Kirsch v. Fleet Street*, Ltd., 148 F.3d 149, 172-73 (2d Cir. 1998) (upholding 20% reduction in fees due to entries such as "letter to court," "staff conference," or "work on motion"); *see also Trustees of Bricklayers & Allied Craftworkers Local 5 New York Retirement, Welfare & Training Funds v. Helmer-Cronin Construction, Inc.*, No. 03-CV-748, 2005 WL 3789085, at *5 (S.D.N.Y. Oct. 24, 2005) (reducing hours billed by 20% because of record replete with vague entries such as "Study and Review file," "Telephone call with client," "Letter to Silkey," and

10

"Research"). Following a line-by-line review of the billing record, the Court finds it appropriate

to deduct the following time entries from the calculation for vagueness:[4]

- 03/25/2022 NG - Correspond with atty - 0.10

- 04/07/2022 NG - Correspond with atty - 0.10

- 05/05/2022 NG - Confer with EDC - 0.10

- 06/10/2022 EC - Confer with NG re status - 0.10

- 06/10/2022 NG - Confer with EDC - 0.10

- 06/24/2022 NG - Correspond with atty - 0.10

- 01/24/2023 NG - Correspond with atty re status - 0.10

- 02/14/2023 NG - Correspond with atty re status - 0.10

- 04/04/2023 NG - Correspond with atty; confer with JTL - 0.10

- 04/12/2023 NG - Correspond with atty re status - 0.10

- 04/19/2023 NG - Correspond with atty re status - 0.10

- 06/15/2023 JTL - Confer with NDG and KYM. - 0.10

- 08/08/2023 JTL - Confer with NDG. - 0.10

- 08/09/2023 NG - Confer with JTL re status - 0.20

- 08/11/2023 NG - Confer with JTL re status - 0.10

- 12/21/2023 KM - Confer with NG - 0.10

Accounting for the adjusted hourly rates and foregoing time deductions, the Court finds that

Plaintiffs should be awarded a total of **$123,017.50** in fees, calculated as follows:

---

[4] The Court notes that there were several other vague entries, but the aforementioned are the ones for which the Court felt surrounding context did not clearly cure their vagueness.

| Attorney | Hours Spent | Hourly Rate | Total Amount |
|---|---|---|---|
| Kenneth Katz | 31.30 | $500 | $15,650.00 |
| Nicole Grunfeld | 84.50 | $500 | $42,250.00 |
| Adam Sackowitz | 2.00 | $400 | $800.00 |
| Katherine Morales | 80.90 | $375 | $30,337.50 |
| Jarrett Bodo | 27.20 | $300 | $8,160.00 |
| Jonathan Trinidad-Lira | 78.10 | $300 | $23,430.00 |
| Eliseo Cabrera | 2.30 | $300 | $690.00 |
| Nicola Ciliotta | 6.80 | $250 | $1,700 |
| **Total** | **313.10** | | **$123,017.50** |

## B. Costs

Plaintiff seeks $9,306.09 in costs for the service of process ($418.00), deposition costs, including interpreter services expended during depositions ($8,179.60), the translation of Plaintiff's declaration in support of summary judgment ($306.49), and the initial filing fee ($402.00). Plaintiff has submitted invoices enumerating the process server, deposition, and translation costs. (Grunfeld Decl. I, Ex. 2.) The Court takes judicial notice of the court filing fee cost.

Process server and filing costs are routinely recoverable. *See Newman v. ASA Coll., Inc.*, 754 F. Supp. 3d 521, 547 (S.D.N.Y. 2024) (finding expenditures such as filing and service fees "routinely recoverable"). Costs associated with docket fees, interpreting fees, and other miscellaneous fees may also be recovered pursuant to S.D.N.Y. Local Civil Rule 54.1. The Supreme Court has distinguished between costs of translating documents—which are not taxable

costs—and costs of translating oral speech (i.e., interpretation) —which are taxable costs under 28 U.S.C. § 1920(6). *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 575 (2012). Here, Plaintiff's Counsel specified that the translation costs were for translation of Plaintiff's declaration in support of summary judgment. (Grunfeld Decl. I ¶ 62.) Thus, inasmuch as the translation services provided were interpretation of what would otherwise be Plaintiff's oral testimony and not discovery documents, *see Taniguchi*, 566 U.S. at 575, the Court deems them recoverable. Thus, Plaintiff's request for costs, substantiated by adequate documentation, are reasonable. The Court further notes that Defendants did not raise any objection to Plaintiff's request for costs in their opposition.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff is entitled to recover reasonable attorney's fees in the amount of $123,017.50 and costs in the amount of $9,306.09.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 82.

SO ORDERED.

Dated: March 31, 2026
White Plains, New York

_____
Hon. Nelson S. Roman
U.S. District Court Judge, S.D.N.Y.

13